# EXHIBIT A

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF NEWBERRY | EIGHTH JUDICIAL CIRCUIT |
| George H. Greenwood, Jr. and Tene Greenwood, | Civil Action No: 2022-CP-36-00004 |
| Plaintiffs, | SUMMONS |
| vs. | |
| West Fraser, Inc., | |
| Defendants. | |

**TO:   THE DEFENDANTS ABOVE NAMED:**

**YOU ARE HEREBY SUMMONED** and required to Answer the Amended Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint on the subscriber at her office at 1539 Health Care Drive, Rock Hill, South Carolina, 29732, within thirty (30) days from the service hereof, exclusive of the date of such service; and if you fail to Answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint

s/Chance M. Farr
Chance M. Farr, Esquire
MCGOWAN, HOOD & FELDER, LLC
1539 Health Care Drive
Rock Hill, South Carolina 29732
Telephone: (803) 327-7800
Facsimile: (803) 328-5656
cfarr@mcgowanhood.com

Rock Hill, South Carolina
January 3, 2022



| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF NEWBERRY<br><br>George H. Greenwood, Jr. and Tene Greenwood,<br><br>    Plaintiffs,<br><br>vs.<br><br>West Fraser, Inc.,<br><br>    Defendants. | IN THE COURT OF COMMON PLEAS<br><br>EIGHTH JUDICIAL CIRCUIT<br><br>Civil Action No:<br><br>2022-CP-36-00004 <br><br>**COMPLAINT FOR DAMAGES**<br>(Jury Trial Demanded) |

Plaintiffs, by and through their undersigned counsel, for a Complaint against Defendants, allege as follows:

## PARTIES

### Plaintiffs

1. George H. Greenwood, Jr. ("Mr. Greenwood") is an adult citizen and resident of Newberry County, South Carolina.

2. Tene Greenwood ("Ms. Greenwood") is an adult citizen and resident of Newberry County, South Carolina.

3. Mr. Greenwood and Ms. Greenwood may be collectively referred to herein as "Plaintiffs."

4. At all times relevant hereto, Plaintiffs were married, and they continue to be married.

### Defendants

5. Upon information and belief, Defendant West Fraser, Inc. ("West Fraser") is a for-profit Delaware corporation that does business throughout the world, with sawmill facilities in the United States, Canada, the United Kingdom and Europe.

6. West Fraser owns and operates one of its facilities in Newberry, Newberry County, South Carolina. This facility is located at 3287 College Street, Newberry, South Carolina 29108 (hereinafter referred to as the "Subject Premises").

7. West Fraser employed staff who at all relevant times were agents acting within the scope of their employment with West Fraser. All actions and/or omissions are imputed to West Fraser, either directly or vicariously, under principles of partnership, agency, apparent authority, corporate liability, ostensible agency, and/or respondeat superior.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over Defendants pursuant to S.C. Code Ann. Section 36-2-802, because West Fraser resides in, conducts business in, or has an enduring relationship with the State of South Carolina.

9. Venue is proper pursuant to S.C. Code Ann. Section 15-7-30, because the most substantial part of the acts giving rise to these claims occurred in Newberry County, South Carolina.

## FACTUAL ALLEGATIONS

10. At all times relevant hereto, Mr. Greenwood was a truck driver employed by Chapman Timber.

11. On September 21, 2020, Mr. Greenwood was delivering a truck load of logs to West Fraser at the Subject Premises.

12. When Mr. Greenwood entered the Subject Premises, he parked at the unbinding rack.

13. Upon information and belief, the unbinding rack was a place designated for delivery drivers like Mr. Greenwood, and/or West Fraser employees, to unbind log truck loads upon arrival to the Subject Premises.

14. After Mr. Greenwood parked at the unbinding rack, he exited his truck.

15. Upon stepping out of his truck, Mr. Greenwood walked toward the rear of his truck and stepped on an uneven section of pavement, causing him to severely injure his right ankle and fall up against his truck. Below is a photo of the uneven section of pavement:



16. As a result of Mr. Greenwood stepping on the uneven pavement, he suffered an ankle fracture, posterior tibial tendonitis requiring surgical reconstruction, and a lower back injury.

17. The section of uneven pavement was not open and obvious to Mr. Greenwood.

18. Upon information and belief, at some time prior to the incident alleged herein, there were one or more of Defendants' agents, employees, or staff in the area of the uneven pavement, and/or they had actual and/or constructive notice of the hazardous pavement condition.

19. The section of hazardous uneven pavement was in an area where West Fraser designated for truck drivers to park for unbinding, and they knew drivers would be traversing the area.

20. Upon information and belief, the uneven pavement had existed for a while.

21. There were no signs or markers warning Mr. Greenwood or other business visitors of the hazardous condition created by the uneven pavement.

22. As a result of this incident, Mr. Greenwood suffered severe, debilitating, and permanent personal injuries, pain, loss of range of motion, loss of strength, suffering, mental anguish, embarrassment, loss of quality of life, and loss of opportunity to pursue non-economic hobbies, and has incurred substantial medical bills to date and may continue to incur medical bills in the future.

23. As a further result of this incident, Mr. Greenwood suffered and will suffer in the future lost wages, lost earning capacity, and lost earning opportunities.

## FIRST CAUSE OF ACTION
### (Negligence- Premises Liability)

24. Plaintiffs hereby incorporate by reference every allegation above.

25. Upon information and belief, West Fraser was the owner of the Subject Premises and was at all times relevant hereto responsible for the inspection, maintenance, repair and upkeep of the Subject Premises.

26. Mr. Greenwood was on the Subject Premises by invitation for the purpose of making a product delivery, a matter directly connected with West Fraser's business and for which the Subject Premises is used.

27. Mr. Greenwood's presence on the Subject Premises was of mutual interest to Mr. Greenwood, his employer, and West Fraser.

28. Mr. Greenwood was a business visitor on the Subject Premises and considered an invitee under South Carolina law.

29. West Fraser owed a duty to Mr. Greenwood and other business visitors on the Subject Premises to exercise reasonable or ordinary care for his safety.

30. West Fraser owed a duty to Mr. Greenwood and other business visitors on the Subject Premises to inspect the Sidewalk for any hazards that could cause injury.

31. West Fraser owed a duty to warn Mr. Greenwood and other business visitors of the latent, hidden danger posed by the uneven section of the pavement.

32. West Fraser should have anticipated the type of harm suffered by Mr. Greenwood at the area on the Subject Premises where this incident occurred, particularly since it is an area commonly used by truck drivers making deliveries.

33. West Fraser knew of, or by the exercise of reasonable care could have discovered, the hazardous condition of the pavement at the unbinding rack, and knew or should have known it posed an unreasonable risk of harm to business visitors on the Subject Premises, including but not limited to Mr. Greenwood.

34. West Fraser breached its duty of care in the following respects:

   a. they failed to inspect the Subject Premises, and specifically the area of the unbinding rack, to ensure it was in a safe and hazard-free condition;

   b. they failed to keep the Subject Premises in a safe and hazard-free condition;

   c. they failed to maintain the Subject Premises;

   d. they failed to make reasonable and necessary repairs to the Subject Premises;

   e. they failed to warn business visitors on the Subject Premises of the latent, hidden danger posed by the uneven area of pavement near the unbinding rack;

   f. they failed to recognize the danger posed to business visitors by the pavement's condition near the unbinding rack;

g. they failed to put in to place policies and procedures, and/or they failed to execute such policies and procedures, to ensure the Subject Premises was frequently inspected for hazardous conditions; and

h. they failed to put in to place policies and procedures, and/or it failed to execute such policies and procedures, to maintain the Subject Premises in a safe and hazard-free condition.

35. As a direct and proximate result of West Fraser's negligent, careless, reckless, and grossly negligent acts and omissions, Mr. Greenwood suffered severe, debilitating, and permanent personal injuries, pain, loss of range of motion, loss of strength, suffering, mental anguish, embarrassment, loss of quality of life, and loss of opportunity to pursue non-economic hobbies, and has incurred substantial medical bills to date and may continue to incur medical bills in the future.

36. As a further result of this incident, Mr. Greenwood suffered and will suffer in the future lost wages, lost earning capacity, and lost earning opportunities.

37. All of Mr. Greenwood's damages should be determined by a jury.

## SECOND CAUSE OF ACTION
### (Loss of Consortium)

38. Plaintiffs hereby incorporate by reference every allegation above.

39. At all times relevant to this Complaint, Plaintiffs have been and continue to be married.

40. As a direct and proximate result of West Fraser's negligence, carelessness, recklessness and gross negligence, Ms. Greenwood has been deprived of a full marital relationship with her husband, consisting of, among other things to be proven in discovery and the trial of this matter, marital services, society, affection, and companionship.

41. Ms. Greenwood suffered emotional distress as well as economic damages, including but not limited to lost wages, and may continue to suffer the same in the future as a direct and proximate result of West Fraser's negligence. All of Ms. Greenwood's damages should be determined by a jury.

WHEREFORE, Plaintiffs, respectfully pray for judgment against Defendant West Fraser for actual damages, special damages, consequential damages and punitive damages in an amount to be determined by the jury at the trial of this action, for the costs and disbursements of this action and for such other and further relief as this court deems just and proper. Plaintiffs specifically aver that the damages at issue in this case are more than $100,000, such averment made to allow all manner of discovery under South Carolina law.

s/ Chance Farr

Chance M. Farr, SC Bar# 102238
McGowan, Hood & Felder, LLC
1539 Health Care Dr.
Rock Hill, SC 29732
Phone: (803) 327-7800
Facsimile: (803) 324-1483
cfarr@mcgowanhood.com

ATTORNEY FOR PLAINTIFFS

Rock Hill, South Carolina

January 3, 2022

PLAINTIFFS DEMAND A JURY TRIAL